**HONG YAN SI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales, Respondents.**

No. 05–1674–ag.

United States Court of Appeals, Second Circuit.

May 1, 2006.

Dehai Zheng, Flushing, New York, for Petitioner.

Lawrence J. Laurenzi, Acting United States Attorney for the Western District of Tennessee, Monica M. Simmons, Assistant United States Attorney, Memphis, Tennessee, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Hong Yan Si, a native and resident of China, appeals from the BIA's order affirming Immigration Judge ("IJ") Margaret McManus's order denying her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Arango-Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

In *Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303 (2d Cir.2005), this Court determined that an alien was not entitled to asylum on the basis of his mother's alleged forcible sterilization under Chinese family planning policies, as the mother's victimization did not sufficiently encroach on the alien's procreative rights to establish that the alien himself was subjected to persecution. In the instant case, Si's only claim for past persecution is the mistreatment of her mother under the Chinese family planning policies; therefore, it is clear that Si did not suffer past persecution in China.

In the absence of solid support in the record for Si's assertion that she will be subjected to forced sterilization, her fear is speculative at best. *See Huang v. I.N.S.*, 421 F.3d 125, 129 (2d Cir.2005) (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)) (well-founded fear does not require high probability of persecution, but does require "an objective situation ... established by the evidence"). Si is single and is not pregnant. She may never have children or, if she does, may not have more than the permitted number of them. There is no evidence in the record to establish that Si will ever be subjected to China's family planning laws. The IJ reasonably determined that Si failed to meet her burden of proof that she had a well-founded fear of persecution.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-

NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).